UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH C. SISNEROS,

Plaintiff,

v.

S. KRITTMAN and J. DAVIS,

Defendant.

Case No.:  14cv891 GPC (RBB)

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 43]**

On August 31, 2015, Plaintiff Joseph C. Sisneros, a prisoner proceeding pro se, filed a First Amended Complaint in this civil rights action [ECF No. 41].  Defendants S. Krittman and J. Davis filed a Motion to Dismiss First Amended Complaint [ECF No. 43]. Plaintiff's Response in Opposition was filed nunc pro tunc to October 26, 2015 [ECF No. 45].  For the following reasons, Defendants' Motion should be **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joseph C. Sisneros, a state prisoner currently incarcerated at the California Health Care Facility in Stockton, California, filed this civil rights action pursuant to 42 U.S.C. § 1983.  He alleged that correctional and mental health officials at Richard J. Donovan Correctional Facility in San Diego, California, where Sisneros was incarcerated in September and November 2013, acted with deliberate indifference to his safety in violation of the Eighth Amendment when they placed him in a cell with another inmate,

1

Jesus Gomez, who viciously attacked Plaintiff. (Compl. 1-3, ECF No. 1.) Plaintiff's original Complaint in this case named Defendants Brown and Mendez, correctional officers; Davis, a prison psychiatrist; and Krittman, a prison psychologist. (Id. at 2.) Sisneros alleged that Defendants Brown and Mendez placed Plaintiff in the same cell with Gomez despite knowledge that Gomez is "crazy;" Plaintiff also contended that Defendants Davis and Krittman failed to prescribe Gomez psychiatric medication. (Id.) The Court granted Defendants Davis and Krittman's Motion to Dismiss Plaintiff's Complaint for failure to state a claim, and granted Defendants Brown and Mendez's Motion for Summary Judgment[1] based on Plaintiff's failure to exhaust his administrative remedies [ECF No. 34].

Plaintiff's First Amended Complaint was filed on August 31, 2015 [ECF No. 41]. In this amended pleading, Sisneros alleges that he read a letter from Gomez's mother addressed to Gomez which stated that "Gomez should be on psych[iatric] med[ication]" because Gomez "gets very unsettled." (First Am. Compl. 3, ECF No. 41.) Plaintiff contends he observed his cellmate's "demented attitude" which involved "talking loud to an imaginary audience" and "making scary, angry faces." (Id.) Sisneros claims he learned that Gomez was on psychiatric medication before he was incarcerated. (Id.)

Sisneros claims that on November 8, 2013, he talked to the prison psychiatrist, Dr. Davis, and informed him that Gomez's behavior scared him; Sisneros told the doctor that "a problem could develop" if Gomez is not given psychiatric medication. (Id.) Plaintiff argues that Davis was deliberately indifferent because he did not check Gomez's central file. (Id.) Sisneros alleges that one week before he was assaulted by Gomez, Dr. Krittman had a one-on-one session with Gomez. (Id. at 4.) Plaintiff claims that Krittman was deliberately indifferent because he "failed to detect the dangerous behavior" and failed to medicate Gomez. (Id.)

_____

[1] Plaintiff has appealed the grant of summary judgment in favor of Brown and Mendez to the Ninth Circuit [ECF No. 38].

## II.    LEGAL STANDARD

**A.    Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  See Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 633 (1999).  "The old formula -- that the complaint must not be dismissed unless it is beyond doubt without merit -- was discarded by the Bell Atlantic decision [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]."  Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp., 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).   The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff.  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

The court does not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Bell Atl. Corp. v. Twombly, 550 U.S. at 563 n.8. The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see Halkin v. VeriFone, Inc., 11 F.3d 865, 868 (9th Cir. 1993); see also Cholla Ready Mix, Inc., 382 F.3d at 973 (quoting Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) (stating that on a Rule 12(b)(6) motion, a court "is not required to accept legal

1   conclusions cast in the form of factual allegations if those conclusions cannot reasonably

2   be drawn from the facts alleged.")).  "Nor is the court required to accept as true

3   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

4   inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

5   **B.    Standards Applicable to Pro Se Litigants**

6          Where a plaintiff appears in propria persona in a civil rights case, the court must

7   construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  Karim-

8   Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of

9   liberal construction is "particularly important in civil rights cases."  Ferdik v. Bonzelet,

10  963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil

11  rights complaint, courts may not "supply essential elements of claims that were not

12  initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.

13  1982).  "Vague and conclusory allegations of official participation in civil rights

14  violations are not sufficient to withstand a motion to dismiss."  Id.; see also Jones v.

15  Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations

16  unsupported by facts insufficient to state a claim under § 1983).  "The plaintiff must

17  allege with at least some degree of particularity overt acts which defendants engaged in

18  that support the plaintiff's claim."  Jones, 733 F.2d at 649 (citation omitted) (internal

19  quotation marks omitted).

20         Nevertheless, the court must give a pro se litigant leave to amend his complaint

21  "unless it determines that the pleading could not possibly be cured by the allegation of

22  other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting

23  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Thus, before a pro se civil rights

24  complaint may be dismissed, the court must provide the plaintiff with a statement of the

25  complaint's deficiencies.  Karim-Panahi, 839 F.2d at 623-24.  But where amendment of a

26  pro se litigant's complaint would be futile, denial of leave to amend is appropriate.  See

27  James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

28  //

4

**C.     Eighth Amendment Failure to Protect Claim**

The Eighth Amendment requires prison officials "to take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (citation omitted) (internal quotation marks omitted); see Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). This duty falls within the officials' obligation under the Eighth Amendment to provide "humane conditions of confinement." Farmer v. Brennan, 511 U.S. at 832-33; Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Not every prisoner-inflicted injury, however, amounts to a constitutional violation. Farmer, 511 U.S. at 834. To establish a failure-to-protect claim, a prisoner must show that (1) he is "incarcerated under conditions posing a substantial risk of serious harm" and (2) prison officials acted with "deliberate indifference"—that is, they knew of and disregarded an excessive risk to his safety. See id. at 834, 837. "[M]ore than mere negligence" is required; Eighth Amendment liability rests on actual awareness of the risk. See Taylor v. Barkes, __ U.S. __, 135 S. Ct. 2042, 2045 (2015); Farmer, 511 U.S. at 835. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013).

"A prison official's deliberate indifference may be established through an 'inference from circumstantial evidence' or 'from the very fact that the risk was obvious.'" Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015) (quoting Farmer, 511 U.S. at 842). Neither negligence nor gross negligence constitutes deliberate indifference. Farmer, 511 U.S. at 835-36 & n.4; Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Lemire v. Cal. Dep't. of Corr. & Rehab., 726 F.3d 1062, 1081-82 (9th Cir. 2013).

## III.     DISCUSSION

Defendants move to dismiss Plaintiff's failure to protect claims, arguing that Sisneros's First Amended Complaint contains "more limited" allegations than were

5

1  included in Plaintiff's original Complaint.  (Defs.' Mot. Dismiss Attach. #1 Mem. P. &
2  A. 2, ECF No. 43.)  Thus, they argue that Sisneros fails to allege sufficient facts to
3  support a claim of deliberate indifferent to his safety against Davis and Krittman.  (Id. at
4  4.)

5  The Court previously dismissed Sisneros's original Complaint, explaining that
6  Plaintiff failed to include sufficient factual allegations to state a failure-to-protect claim
7  against Defendant medical professionals:

8  > [I]n order to state a plausible claim for relief against Drs. Davis and
9  > Krittman, Plaintiff's Complaint must include enough "factual content that
   > allows the court to draw the reasonable inference" Iqbal, 556 U.S. at 678
10 > (citing Twombly, 550 U.S. at 556), that both Davis and Krittman actually
   > knew his cellmate, Gomez, posed an objectively serious risk to his safety or
11 > health, "inferred that substantial harm might result from the risk," and then
12 > failed to take reasonable action to abate it.  See Wallis v. Baldwin, 70 F.3d
   > 1074, 1077 (9th Cir. 1995).
13

14  Sisneros v. Brown, No. 14CV0891 GPC (RBB), 2015 WL 4662056, at *4 (S.D. Cal.
15  Aug. 6, 2015).

16  Plaintiff's First Amended Complaint does not contain any new allegations against
17  these Defendants.  Sisneros claims he decided to alert Defendant Davis that "a problem
18  could develop" if his cellmate Gomez did not take psychiatric medication.  (First Am.
19  Compl. 3, ECF No. 41.)  Plaintiff claims he also informed Davis about Gomez's "weird
20  loud angry behavior" that included making scary faces and talking to an imaginary
21  audience.  (Id.)  These allegations are insufficient to demonstrate that Davis was aware
22  that Sisneros's cellmate posed a substantial risk of serious harm to Plaintiff's safety.
23  Farmer, 511 U.S. at 837; Taylor, ___ U.S. at ___, 135 S. Ct. at 2045.  Without more,
24  Plaintiff's complaints about his cellmate's strange behavior could not establish "more
25  than a mere suspicion" that an attack might occur.  Berg v. Kincheloe, 794 F.2d 457, 459
26  (9th Cir. 1986).  Plaintiff does not claim that Gomez made any threats against him.  Nor
27  does he allege that Davis was aware of any prior conflicts between Gomez and the
28  Plaintiff, or between Gomez and other prisoners.  Labatad, 714 F.3d at 1161.  Sisneros's

claims are too vague to support an inference that Davis was aware of, but failed to address, a legitimate safety concern on behalf of Plaintiff.  See Dillingham v. Johnson, No. 13-CV-05777-YGR (PR), 2015 WL 5590735, at *16-17 (N.D. Cal. Sept. 23, 2015) (granting summary judgment in favor of prison officials because plaintiff's vague claims of cellmate's threats and bullying were insufficient to support an Eighth Amendment failure to protect claim).

Sisneros claims that he told Davis about Gomez's "demented attitude." (First Am. Compl. 3, ECF No. 41.)  Plaintiff does not allege, however, that Davis had reason to believe Gomez was exhibiting aggressive behavior towards Sisneros or that he made any specific threats to Plaintiff.  "A failure to respond and protect Plaintiff from . . . a broad, generalized risk will not support a claim that any Defendant was deliberately indifferent to an excessive risk of harm to Plaintiff." Williams v. CDCR Mental Health, No. 1:14-CV-01937-MJS, 2015 WL 1956457, at *3 (E.D. Cal. Apr. 29, 2015) (dismissing failure to protect claims where an inmate who attacked plaintiff had informed Defendants that he would harm himself or someone else if he was taken off suicide watch and returned to the general population); Johnson v. Hicks, No. 1:11-CV-02162-GSA-PC, 2014 WL 1577280, at *5 (E.D. Cal. Apr. 17, 2014) (dismissing failure to protect claim because plaintiff's allegations that his attacker was "well known for in-cell violence" were insufficient to show that inmate posed a "particular, present danger" to plaintiff).

Plaintiff's allegations against Defendant Krittman likewise do not establish that Krittman knew of a substantial risk of serious harm to Sisneros.  See Farmer, 511 U.S. at 847.  Sisneros claims that approximately one week before the attack, Krittman met with Gomez "one on one." (First Am. Compl. 4, ECF No. 41.)  Plaintiff alleges that Gomez "displayed his demented behavior" when Sisneros introduced him to Krittman.  (Id.) Plaintiff contends that he saw fear on Krittman's face during the meeting with Gomez. (Id.)  Sisneros does not claim that he communicated to Krittman his concerns about Gomez's behavior or that Krittman knew about the complaints Sisneros made to Davis. These allegations alone are insufficient to infer that there was an obvious risk of harm to

Plaintiff or that Defendant Krittman knew of and disregarded such a risk. <u>See</u> <u>Farmer</u>, 511 U.S. at 836-37.

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (alterations in original) (quoting <u>Gibson v. Cty. of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Sisneros has not pleaded sufficient facts to allow the Court "to draw the reasonable inference that the defendant[s were] liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). Taking the factual allegations in the First Amended Complaint as true, the Court cannot "infer more than the mere possibility of misconduct." <u>Id.</u> at 679 (citing Fed. R. Civ. P. 8(a)(2)). Plaintiff fails to establish subjective knowledge and conscious disregard of a substantial risk of harm to his health or safety. <u>Farmer</u>, 511 U.S. at 837.

In his Opposition to Defendants' Motion to Dismiss, Sisneros argues that prison officials placed Gomez in his cell because Gomez is a police informant and merely "plays the role" of a crazy individual. (Pl.'s Resp. Opp'n Defs.' Mot. Dismiss 1, ECF No. 45.) These allegations are not properly before the Court because they were not included in the First Amended Complaint. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint. This precludes the consideration of new allegations that may be raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." <u>Cordell v. Tilton</u>, 515 F. Supp. 2d 1114, 1128 (S.D. Cal. 2007) (internal citations omitted). Moreover, even if Plaintiff's conjecture about Gomez being a police informant were included in the pleading, his claims against the prison medical doctors fare no better. <u>See</u> <u>Andasola v. Capital One Bank NA</u>, No. CV 12-02467-PHX-JAT, 2013 WL 1149663, at

*4 (D. Ariz. Mar. 19, 2013) ("The Court will only consider these new allegations in determining whether Plaintiff is entitled to leave to amend.")

Where a pro se litigant's claim is dismissed for failure to state a claim, leave to amend should be granted unless "'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203–04 (9th Cir. 1988)); accord Lacey v. Maricopa Cty., 693 F.3d 896, 926 (9th Cir. 2012).  "[D]istrict courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d at 1129.

In this case, the Court previously dismissed Plaintiff's claims against Davis and Krittman for failure to state a claim.  Plaintiff was given an opportunity to amend his claims to no avail.  See Sisneros v. Brown, 2015 WL 4662056, at *15.  As discussed above, the First Amended Complaint suffers from the same deficiencies because the allegations raised by Sisneros do not support an Eighth Amendment failure to protect claim against the Defendants.  Specifically, Plaintiff does not sufficiently allege that Defendants were aware that a specific and substantial risk to Sisneros existed unless his cellmate Gomez received psychiatric medication.  Plaintiff is not seeking leave to amend his claims.  Moreover, the arguments and new allegations raised in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss fall short of stating "'a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Thus, granting leave to amend the complaint would be futile.  See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."); Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (stating that where amendment of litigant's complaint would be futile, denial of leave to amend is appropriate); see also Bolden v. California Dep't of Corr. & Rehab., Case No. 12–CV–2344 JFM P, 2012 WL 5838993, *2 (E.D. Cal. Nov. 15, 2012) (dismissing

9

complaint without leave to amend on the basis that amendment would be futile where plaintiff alleged mental anguish as a result of prison officials issuing negligently manufactured soap containing a trace amount of a chemical identified as a carcinogen).

### IV.   CONCLUSION AND RECOMMENDATION

Defendants' Motion to Dismiss Plaintiff's Eighth Amendment failure to protect claims against Davis and Krittman should be GRANTED.  The Court recommends DENYING Plaintiff further leave to amend.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before March 1, 2016.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before March 12, 2016.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated:  February 9, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge