UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH C. SISNEROS,
Plaintiff,

v.

S. KRITTMAN and J. DAVIS,
Defendants.

Case No.: 3:14-cv-00891-GPC-RBB

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

[ECF Nos. 43, 49]

**INTRODUCTION**

On August 31, 2015, Plaintiff Joseph C. Sisneros ("Plaintiff"), a prisoner proceeding pro se, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983. (ECF No. 41.) On October 2, 2015, Defendants S. Krittman and J. Davis ("Defendants") filed a Motion to Dismiss Plaintiff's FAC. (ECF No. 43.) Plaintiff filed a Response in Opposition nunc pro tunc to October 26, 2015. (ECF No. 45.) On February 9, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending granting Defendants' Motion to Dismiss FAC pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 49.) Plaintiff filed an Objection to the R&R nunc pro tunc to March 4, 2016. (ECF No. 52.) For the reasons that follow, the Court hereby **OVERRULES** Plaintiff's Objection to the

Magistrate Judge's R&R (ECF No. 52), **ADOPTS** the Magistrate Judge's R&R in its entirety (ECF No. 49), and **GRANTS** Defendants' Motion to Dismiss FAC without leave to amend (ECF No. 43).

## FACTUAL AND PROCEDURAL HISTORY[1]

On April 14, 2014, Plaintiff, a state prisoner currently incarcerated at the California Health Care Facility in Stockton, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No.1.) Plaintiff's initial Complaint named defendants Brown and Mendez, correctional officers; Davis, a prison psychiatrist; and Krittman, a prison psychologist, all who are employed at Richard J. Donovan Correctional Facility ("RJD"), where Plaintiff was incarcerated in September and November 2013. (*Id*. at 2-3.) Plaintiff alleged that all defendants acted with deliberate indifference to his safety in violation of the Eighth Amendment by failing to protect him from being attacked by his cellmate, Jesus Gomez ("Gomez"). (*Id*. at 3-4.) Plaintiff alleged that Brown and Mendez were deliberately indifferent by placing Plaintiff in the same cell with Gomez despite knowing that Gomez is "crazy" (*id*. at 2-3), and that Davis and Krittman were deliberately indifferent by failing to prescribe psychiatric medication to Gomez (*Id*. at 2, 4).

On August 6, 2015, the Court granted Brown and Mendez's Motion for Summary Judgment based on Plaintiff's failure to exhaust his administrative remedies[2] and granted Davis and Krittman's Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 34.)

On August 31, 2015, Plaintiff filed a FAC against Defendants Davis and Krittman. (ECF No. 41.) Plaintiff alleges that he read and informed Davis about a letter from Gomez's mother addressed to Gomez, which stated that "Gomez should be on psych. meds" because

[1] The following facts are undisputed and largely taken from the Magistrate Judge's Report and Recommendation. (ECF No. 49.)

[2] Plaintiff has appealed the grant of summary judgment in favor of Brown and Mendez to the Ninth Circuit. (ECF No. 38.)

he "gets very unsettled." (*Id.* at 3.) Plaintiff claims that he cautioned Davis that "a problem could develop" if Gomez was not given psychiatric medication. (*Id.*) Plaintiff also alleges that he observed and informed Davis about Gomez's "demented attitude," which involved "talking loud to an imaginary audience" and "making scary, angry faces." (*Id.*) Plaintiff alleges that Davis was deliberately indifferent because he "got rid" of Plaintiff with "haste," and did not check Gomez's central file. (*Id.*) Plaintiff claims that one week before he was assaulted by Gomez, Krittman had a one-on-one session with Gomez. (*Id.* at 4.) Plaintiff alleges that Krittman was deliberately indifferent because he "failed to detect the dangerous behavior" and failed to medicate Gomez. (*Id.*) Plaintiff contends that Gomez "displayed his demented behavior" when Plaintiff introduced him to Krittman, and that he saw fear on Krittman's face during the meeting with Gomez. (*Id.*)

On October 2, 2015, Defendants filed a Motion to Dismiss Plaintiff's FAC on the grounds that Plaintiff does not allege facts sufficient to support a claim for deliberate indifference under the Eighth Amendment. (ECF No. 43 at 1.) Specifically, Defendants argue that Plaintiff does not plead sufficient facts in his FAC that demonstrate Defendants were aware of a substantial risk of harm to Plaintiff's health or safety. (ECF No. 43-1 at 1.) Defendants contend that Plaintiff failed to correct the deficiencies that caused the Court to dismiss his initial Complaint and that Plaintiff's FAC should be dismissed without further leave to amend. (*Id.*)

## LEGAL STANDARDS

### I. Review of the Magistrate Judge's Report and Recommendation

The duties of the district court with respect to a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v.*

*Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

As to the portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. District Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

**II. Motion to Dismiss for Failure to State a Claim**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**III. Eighth Amendment Failure-to-Protect Claim**

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates" and "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citation omitted) (internal quotation marks omitted). This duty falls within the officials' obligation under the Eighth Amendment to provide "humane conditions of confinement." *Id*. at 832-33.

Not every prisoner-inflicted injury, however, amounts to a constitutional violation. *Id*. at 834. To establish a failure-to-protect claim, a prisoner must show that (1) he is "incarcerated under conditions posing a substantial risk of serious harm" and (2) prison officials acted with "deliberate indifference"—that is, they knew of and disregarded an excessive risk to his safety. *See id*. at 834, 837. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837).

"A prison official's deliberate indifference may be established through an 'inference from circumstantial evidence' or 'from the very fact that the risk was obvious.'" *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (quoting *Farmer*, 511 U.S. at 842). Neither negligence nor gross negligence constitutes deliberate indifference. *Farmer*, 511 U.S. at

835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**IV. Standards Applicable to Pro Se Litigants**

Where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (citation omitted) (internal quotation marks omitted).

Nevertheless, the court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, before a pro se civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24. But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

**DISCUSSION**

Defendants move to dismiss Plaintiff's failure-to-protect claims on the basis that Plaintiff does not plead facts sufficient to demonstrate that prison psychiatrists Davis and Krittman were aware of a substantial risk of harm to Plaintiff's safety. Defendants argue

that the FAC contains even "more limited" allegations than were included in Plaintiff's original complaint, which the Court found insufficient (ECF No. 49 at 9).

Plaintiff's FAC does not contain new allegations against Defendants and is based on the same general arguments made in the Complaint. Plaintiff contends that on November 8, 2013, he informed Davis about Gomez's "weird loud angry behavior" and the letter from Gomez's mother stating that Gomez "should be on psyc. meds." (ECF No. 41 at 3.) Neither of these allegations demonstrates that Gomez was violent or menacing. Plaintiff's allegations remain insufficient to demonstrate that Davis knew Plaintiff faced a substantial risk of serious harm if Gomez was not medicated. Plaintiff does not allege that Davis had reason to believe Gomez was exhibiting aggressive behavior towards Plaintiff or that he made any threats to Plaintiff. He does not allege any additional facts from which the Court might reasonably infer that Davis consciously disregarded any risk that was "obvious." *See Farmer*, 511 U.S. at 842. Even assuming Plaintiff's conversation with Davis on November 8, 2013 provided Davis with information consistent with a potential for harm, "mere suspicion" is insufficient to show deliberate indifference. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "A failure to respond and protect Plaintiff from . . . a broad, generalized risk will not support a claim that any Defendant was deliberately indifferent to an excessive risk of harm to Plaintiff." *Williams v. CDCR Mental Health*, No. 1:14-CV-01937-MJS, 2015 WL 1956457, at *3 (E.D. Cal. Apr. 29, 2015) (dismissing failure-to-protect claims where an inmate who attacked plaintiff had informed Defendants that he would harm himself or someone else if he was taken off suicide watch and returned to the general population); *Johnson v. Hicks*, No. 1:11-CV-02162-GSA-PC, 2014 WL 1577280, at *5 (E.D. Cal. Apr. 17, 2014) (dismissing failure-to-protect claim because plaintiff's allegations that his attacker was "well known for in-cell violence" were insufficient to show that inmate posed a "particular, present danger" to plaintiff).

Plaintiff's allegations against Krittman likewise do not establish that Krittman knew of and disregarded an excessive risk to Plaintiff's safety. *See Farmer*, 511 U.S. at 837.

Plaintiff claims that Krittman met with Gomez one-on-one approximately one week before the attack (ECF No. 41 at 4), Gomez "displayed his demented behavior" when Plaintiff introduced him to Krittman, and that he saw fear on Krittman's face during the meeting with Gomez but Plaintiff "thought nothing of it" (*Id*). There is no indication as to what "demented behavior" was displayed and how it would have alerted Krittman to the need for psychiatric medications given that Plaintiff "thought nothing of it." Plaintiff does not allege that Krittman knew about the complaints Plaintiff made to Davis. Instead, Plaintiff alleges that Krittman "failed to detect the dangerous behavior of Mr. Gomez." (*Id*.) Plaintiff's allegations remain insufficient to demonstrate that Krittman knew Plaintiff faced a substantial risk of serious harm if Gomez was not medicated. He fails to offer any additional facts from which the court might reasonably infer that Krittman consciously disregarded any substantial risk posed by Gomez that was otherwise "obvious." *See Farmer*, 511 U.S. at 842. Thus, the Court again finds that Plaintiff's allegations are insufficient to "nudge [Plaintiff's] claim" of Defendants' deliberate indifference to Plaintiff's safety "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 678, 680 (citing *Twombly*, 550 U.S. at 557, 570).

Plaintiff filed an Objection to the Magistrate Judge's R&R. (ECF No. 52.) However, Plaintiff does not specifically object to or refer to the Magistrate Judge's resolution of the issues presented. Instead, Plaintiff's Objection is based on the same general arguments made in his Complaint. For example, Plaintiff contends that Gomez gave Krittman a "dirty, angry look" that changed Krittman's face from "pleasant to fear." (ECF No. 52 at 1.) He then states that Krittman "was not aware" that Gomez was "supposed to be on psyc. meds." (*Id.* at 2.) Plaintiff also contends that he told Davis how Gomez is becoming "more aggressive" and "looks at plaintiff with evil eyes." (*Id.* at 3.) Plaintiff then states that he could see Davis was "real busy" and that Davis explained to him that Krittman had to meet with Gomez before Davis could meet with him. (*Id.* at 4.) Plaintiff does not specifically disagree with any of the R&R's dispositive findings. Accordingly, the Court overrules

Plaintiff's Objection.

The Court previously dismissed Plaintiff's claims against Davis and Krittman for failure to include sufficient factual allegations to state a failure-to-protect claim against Defendants. (ECF No. 34.) Plaintiff was given an opportunity to amend his claims to no avail. As discussed above, Plaintiff's FAC suffers from the same deficiencies as the original Complaint because the allegations raised by Plaintiff do not support an Eighth Amendment failure-to-protect claim against Defendants. Plaintiff is not seeking leave to amend his claims. Moreover, the arguments and new allegations raised in Plaintiff's opposition fall short of stating "'a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Specifically, Plaintiff does not sufficiently allege that Defendants were aware that a specific and substantial risk to Plaintiff existed unless Gomez received psychiatric medication. The Court finds that leave to amend would be futile in this circumstance.

**CONCLUSION**

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objection (ECF No. 52), **ADOPTS** the Report and Recommendation in its entirety (ECF No. 49), and **GRANTS** Defendants' Motion to Dismiss Plaintiff's FAC without leave to amend (ECF No. 43).

**IT IS SO ORDERED**.

Dated: June 28, 2016

Hon. Gonzalo P. Curiel
United States District Judge